# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**HENRY RICHARDSON,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　**Civil Action No.: 3:19-CV-76**
　　　　　　　　　　　　　　　　　　　　　　　　**(GROH)**

**C. GOMEZ, Acting Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On May 13, 2019, Petitioner Henry Richardson, an inmate incarcerated at Gilmer FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, regarding his jail or prison conditions. ECF No. 1 at 1, 5.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:19-CV-76, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY[2]

### A. Conviction, Sentence

On April 4, 2006, a grand jury in the Eastern District of Virginia indicted Petitioner and charged him with various drug trafficking, firearm and witness influence offenses. ECF No. 5. Following a jury trial, on June 27, 2006, Petitioner was convicted of: conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 as charged in Count One; possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) as charged in Count Two; and possession of a firearm in furtherance of a drug trafficking offense causing the death of another, in violation of 18 U.S.C. § 924(j) as charged in Count Three. ECF No. 77, U.S. v. Richardson, 276 Fed.Appx. 320 (4th Cir. 2008). As to Count 3, "[t]he jury found the killing committed by Richardson in the course of the 924(c) violation was a murder as defined by 18 U.S.C.§ 1111." U.S. v. Richardson, 276 Fed.Appx. at 322.

Petitioner was sentenced on January 5, 2007, to 360 months of imprisonment on Count 1. Counts 2 and 3 were merged and a sentence of life imprisonment was imposed, to be served consecutively to the 360 month sentence imposed on Count 1. ECF Nos. 104, 106.

### B. Direct Appeal

Petitioner filed a notice of appeal with the Fourth Circuit in docket number 07-4058 on January 8, 2007. ECF No. 107. The Fourth Circuit affirmed the judgment of the district court by opinion filed May 9, 2008. ECF No. 128, U.S. v. Richardson, 276 Fed.Appx. 320 (4th Cir. 2008).

---

[2] All CM/ECF references in Sections II.A., II.B., and II.C. refer to entries in the docket of Criminal Action No. 3:06-CR-106 in the Eastern District of Virginia.

2

### C.     Post-Conviction Relief, Including Motions to Vacate under 28 U.S.C. § 2255

Petitioner filed a pro-se motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and a memorandum in support thereof, on June 17, 2009.  ECF No. 137[3].  On August 25, 2011, Petitioner filed a supplemental pro se motion to vacate.  ECF No. 172.  Petitioner filed an amended § 2255 motion on November 14, 2011.  ECF No. 176.  On July 26, 2012, the district court denied Petitioner's amended § 2255 motion, dismissed the action and denied a certificate of appealability.  ECF No. 187.  On September 24, 2012, Petitioner filed a notice of appeal.  ECF No. 190.  By unpublished per curiam opinion issued on February 14, 2013, the Fourth Circuit in docket number in 12-7689 denied Petitioner a certificate of appealability and dismissed the appeal.  U.S. v. Richardson, 510 Fed.Appx. 236 (4th Cir. 2013).

Petitioner filed another motion for relief pursuant to §§ 2241 and 2255 on September 21, 2016, which he amended on October 12, 2016.  ECF Nos. 207, 208.  By memorandum opinion and order issued November 21, 2016, the district court dismissed the motion as a second or successive motion.  ECF Nos. 211, 212.

Thereafter, Petitioner filed "a variety of frivolous and vexations motions attempting to challenge his conviction," all of which were denied by the district court in a memorandum order issued October 31, 2017.  ECF No. 226.  On that same date, the district court also denied and dismissed as a second or

---

[3] The motion to vacate was also filed as a civil action, 3:09-CV-382.

successive motion the § 2255 motion filed by Petitioner on June 16, 2017. ECF Nos. 221-4, 228.

On November 13, 2017, Petitioner filed a notice of intent to appeal the denial of his various motions, docketed as ECF Nos. 215, 216 and 217. ECF No. 229. By unpublished per curiam opinion issued on April 3, 2018, the Fourth Circuit dismissed the appeal and denied a certificate of appealability. ECF Nos. 240, 241, U.S. v. Richardson, 717 Fed.Appx. 327 (4th Cir. 2018) (*cert. denied*, 139 S.Ct. 928 (2019)).

On January 16, 2018, Petitioner filed another motion to vacate under § 2255. ECF No. 236. The motion was denied by order entered May 31, 2019. ECF No. 255.

### D. Other Efforts at Post-Conviction Relief[4]

Petitioner previously sought relief under § 2241 from the Eastern District of Virginia in that court's case number 3:19-CV-812. That court dismissed the petition without prejudice on April 30, 2020, based on Petitioner's failure to satisfy the second prong of In re Jones, 226 F.3d 328 (4th Cir. 2000), because the conduct Petitioner was convicted of committing remains criminal. ECF Nos. 6 at 4 – 5, 7. Petitioner appealed the denial to the Fourth Circuit, in an appeal which remains pending in that court's docket 20-6953. ECF Nos. 8, 9, 10.

### E. Instant Proceedings Under 28 U.S.C. § 2241

Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, on May 13, 2019. ECF No. 1. Therein, Petitioner claims he has been denied due

---

[4] All CM/ECF references in Section II.D. refer to entries in the docket of Civil Action No. 3:19-CV-812 in the Eastern District of Virginia.

process of law to challenge his prison conditions.  Id. at 5.  Petitioner seeks an order from the Court which directs the Bureau of Prisons ("BOP") to "make correction to the Petitioner's Central Office File, and to submit the revisions to Chief Administrator of [the] Designation Sentence Computation Center." Id. at 8.

### III.    STANDARD OF REVIEW

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing

---

[5]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided,

> of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

### IV. ANALYSIS

Petitioner asserts that he is entitled to the writ of habeas corpus on the theory that the Bureau of Prisons has denied him due process of law to challenge his prison conditions. ECF No. 1 at 5. For relief, Petitioner does not seek release from custody, to shorten his incarceration, or to restore any good time credit. Rather, Petitioner seeks to have the Court order the Bureau of Prisons to make corrections to his central office file and submit those changes to the Bureau of Prisons' Designation and Sentence

---

"The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Computation Center[6].  Id. at 8.

To the extent that Petitioner contends that the BOP's failure to provide him due process of law to challenge his conditions of confinement violated his Constitutional rights, his argument fails because neither the fact nor the length of his confinement are contested.  Because Petitioner seeks relief that does not affect the fact or duration of his confinement, his claim is inappropriate for consideration under § 2241.  As stated by the Supreme Court:

> Federal law opens two main avenues to relief on complaints related to imprisonment:  a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.[7]

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted).  The Supreme Court previously explained in a challenge by two prisoners that, "[b]ecause neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus' . . . [and] the prisoners' claims for *future* relief (which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core."  Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (internal citations omitted).

---

[6] While it is possible that a correction to Petitioner's Central Office File could result in change to the calculation of good time credits which could affect Petitioner's sentence, he does not allege that any requested corrections would do so.  Because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Petitioner's argument for him. Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990).

[7] Actions filed under § 1983 are civil rights actions against state actors.  In Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971), the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law.

In his petition, it is clear that Petitioner does not attack, nor are his claims related in any way to, the execution of his sentence. He does not challenge the validity of his confinement or seek speedier release from confinement. Instead, he alleges that his due process rights were violated when he sought to challenge the conditions of his confinement. To pursue either a due process or condition of confinement claim as raised herein, Petitioner must file a lawsuit governed by <u>Bivens</u>, and pay the appropriate filing fee. Accordingly, it appears that the Petitioner has failed to assert a claim for which relief can be granted under 28 U.S.C. § 2241, and his petition must be dismissed.

## V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** September 25, 2020

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE